# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| CHARLES E. WESTBROOK, JR., | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| VS. | * | CASE NO. 4:05-CV-36(CDL) |
| | * | 28 U.S.C. § 2254 |
| HILTON HALL, Warden, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely. On April 4, 1996, Petitioner Charles E. Westbrook, Jr., who is currently serving a sentence in the Macon State Prison in Oglethorpe, Georgia, was convicted of armed robbery, robbery and possession of a knife during the commission of a crime. Petitioner was sentenced to serve life in prison for the armed robbery, a consecutive five years for the possession charge and a concurrent twenty years for the robbery charge.

The Petitioner thereafter filed a direct appeal to the Georgia Court of Appeals wherein the Court affirmed his convictions on June 26, 2000. Thereafter, on March 26, 2001, the Petitioner filed his first state habeas corpus petition in the Dooly County Superior Court which was dismissed at Petitioner's request on September 21, 2001. Petitioner filed a second state habeas corpus petition on April 24, 2002, which was denied on July 12, 2004. Petitioner then filed in the Georgia Supreme Court a certificate of probable cause to appeal which was denied on March 28, 2005. The Petitioner then filed his current petition on April

11, 2005.  The Respondent filed his Answer and Motion to Dimiss on November 16, 2005.

## The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions.  "The purpose of the AEDPA is not obscure.  It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction."  *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998).  The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(a)(A). (emphasis added).   In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the

Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final." Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). Pursuant to Georgia Supreme Court Rule 38(1), Petitioner had 10 days after judgment in the Court of Appeals, on June 26, 2000, within which to file an application for *writ of certiorari*. Since Petitioner did not seek certiorari to the Georgia Supreme Court, his judgment of conviction became final on July 6, 2000, which was the day following the 10 day period to seek certiorari from the denial of his direct appeal pursuant to Georgia Supreme Court Rule 38(1).[1] Therefore, the AEDPA statute of limitations began to run on Petitioner's § 2254 action on July 7, 2000.

As set out above, the one-year limitation period *is* tolled during the pendency of a properly filed state post-conviction proceeding. When Petitioner filed his state habeas

---

[1] Because the Petitioner failed to file a *writ of certiorari* to the Georgia Supreme Court, there is no reason to apply the ninety days Petitioner would have had to apply for certiorari to the U.S. Supreme Court.

petition in the Dooly County Superior Court on March 26, 2001, his AEDPA statute of limitations which had begun to run on July 7, 2000, was tolled at that time. The Petitioner, therefore, let 263 days of his 365 day limitations period run, leaving 102 days in which to file a proper federal habeas petition.

As stated *supra*, the state habeas petition filed on March 26, 2001 was dismissed at Petitioner's request on September 21, 2001. Petitioner then waited approximately 215 days, until April 14, 2002, to file his second state habeas petition. In *Justice v. United States,* 6 F. 3d 1474 (1993), the Eleventh Circuit Court of Appeals cited with approval the Supreme Court in *United States v. Ibarra,* 502 U. S. 1, note 2, 112 S. Ct. 4, 5 n. 2. (1991), "holding that when time bar is suspended because of equitable tolling and begins to run upon happening of subsequent events, the time remaining is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *Justice,* at 1478.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be GRANTED, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 14th day of December, 2005.

                                                        S/G. MALLON FAIRCLOTH
                                                        UNITED STATES MAGISTRATE JUDGE

sWe